1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| JAMES STANLEY WILLIAMS, | ) | |
|---|---|---|
| Plaintiff(s), | ) | No. C 05-1275 CRB (PR) |
| vs. | ) | ORDER OF SERVICE |
| M. EVANS, et al., | ) | (Docs # 11, 13 & 14) |
| Defendant(s). | ) | |

      Plaintiff, a prisoner at Salinas Valley State Prison ("SVSP"), filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging denial of adequate medical care for his hypertension since he was transferred to SVSP in 1996. Plaintiff specifically alleged that he has received inadequate medical care for his hypertension at SVSP because his blood pressure has been maintained at unacceptably high levels causing him to suffer two heart attacks.

      Per order filed on July 26, 2005, the court found that, liberally construed, plaintiff's allegations appeared to state a cognizable § 1983 claim for deliberate indifference to serious medical needs; however, the court explained that, in order to proceed, plaintiff must link the named defendants with his allegations of wrongdoing. Plaintiff has done so in his First Amended Complaint ("FAC") and the named defendants in the FAC accordingly will be served.

For the foregoing reasons and for good cause shown,

1.	The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the FAC in this matter, all attachments thereto, and copies of this order and all other orders on the named defendants in the FAC.  The clerk also shall serve a copy of this order on plaintiff.

Plaintiff's motions for service (docs # 11 & 14) are denied as unnecessary and plaintiff's motion for preliminary injunctive relief (doc # 13) is denied as premature.  See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983) (motion for preliminary injunction cannot be decided until parties to action are served).

2.	In order to expedite the resolution of this case, the court orders as follows:

	a.	No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion.  A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due.  All papers filed with the court shall be served promptly on plaintiff.

	b.	Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

	c.	Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your

case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

  d. Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

  e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

|   |   |
|---|---|
| 1 | 3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery. |
| 4 | 4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel. |
| 7 | 5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b). |

SO ORDERED.

DATED:  Jan, 12, 2006

CHARLES R. BREYER
United States District Judge

4